**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

RANDY SCOTT NELSON,                                                                    PLAINTIFF
REG. #32204-001

2:18CV00080-JM-JTK

UNITED STATES OF AMERICA, et al.                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

James M. Moody, Jr. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any

documentary or other non-testimonial evidence desired to be introduced at the hearing before

the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      Introduction

Plaintiff Randy Nelson is a former federal inmate who filed this federal civil rights action

pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), based on an incident

which occurred during his incarceration at the Federal Correctional Institution (FCI), Forrest City,

Arkansas in May 2016.[1]

This matter is before the Court on Motion for Summary Judgment, Brief in Support, and

Statement of Facts filed by remaining Defendants Gotreaux, Rivera, and Tindel (Doc. Nos. 76-

78). When Plaintiff failed to respond, this Court issued an Order on March 11, 2019, directing him

to respond within fifteen days of the date of the Order (Doc. No. 81). The Court further advised

---

[1] At the time Plaintiff filed his Complaint, he was incarcerated at the Federal Correctional
Institution (FCI), Talladega, Alabama (Doc. No. 1). He notified the Court on November 30, 2018
of his release from federal custody. (Doc. No. 56).

Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.)    As of this date, Plaintiff has not responded to the Motion.

## II.    Complaint

Plaintiff was attacked by another inmate at FCI, Forrest City, on May 27, 2016. He suffered injuries to his face, nose, and around his left eye, which he claims left him with a permanent loss of vision. He was treated for his injuries at FCI and by an outside ophthalmologist on June 8, 2016. He claims in his complaint that Defendants Rivera and Gertrue (later identified as Gotreaux) failed to adequately protect him from harm by the inmate, and that Defendants Woodard, Tindel, and Wingo failed to adequately treat his injuries and schedule follow-up appointments with outside doctors.[2]

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144

---

[2] Defendant United States of America was dismissed as immune from liability, and Defendants Montalvo and Donato were dismissed for improper venue, on July 9, 2018 (Doc. No. 10). Defendants Woodard and Wingo were dismissed on March 7, 2019 for failure to exhaust (Doc. No. 80).

F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts)

filed by the moving party...shall be deemed admitted unless controverted by the statement filed by

the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern

and Western Districts of Arkansas. Failure to properly support or address the moving party's

assertion of fact can result in the fact considered as undisputed for purposes of the motion.

FED.R.CIV.P. 56(e).

Defendants Gotreaux, Rivera, and Tindel ask the Court to dismiss Plaintiff's allegations

against them because he failed to exhaust his administrative remedies, as required by the Prison

Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.   In support, they refer to exhibits filed in

support of previous Summary Judgment Motions filed by Defendants Wingo and Woodard. (Doc.

Nos. 30, 47). According to the Declaration of Susan Gaither-Miller, FCI-Forrest City Associate

Warden Secretary, the three-step federal administrative remedy process is instituted by the filing

of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9

form at the Unit level. (Doc. No. 30-1, p. 3) Two appeals from that level are provided, to the

Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons

(BOP), via a BP-11 form (Id.) The BOP does not retain copies of rejected administrative remedy requests or appeals, and according to the BOP records, Plaintiff filed one administrative remedy request, 940954-F1, on May 18, 2018 while incarcerated at FCI Talladega. (Id., p. 4) This request was closed on June 25, 2018. (Id.) James D. Crook, Supervising Attorney for the United States Department of Justice, BOP, declared that after Plaintiff filed his administrative remedy on May 18, 2018, he submitted a request to the regional level on June 8, 2018, which was rejected on August 27, 2018. (Doc. No. 47-1, p. 2) Plaintiff submitted a request to the national level on August 3, 2018, which was rejected on August 17, 2018, and another request submitted to the regional level on September 11, 2018 also was rejected. (Id.) According to the BOP records, Plaintiff did not exhaust his administrative remedies at all three levels as required. (Id.)

Although Plaintiff did not respond to the present Motion, in response to the previous similar Motions he stated that after the incident occurred in May 2016, administration placed him in a special housing unit and did not provide him with administrative remedy documents prior to his transfer to another Unit. He claimed he was threatened with retaliation when he requested administrative remedy documents at other facilities, until he filed a remedy request while at Talladega. He claimed he appealed his administrative remedy to the regional office on June 8, 2018, prior to receiving the Warden's response because of filing requirements, but did not receive a response until August 27, 2018, past the thirty-day deadline to respond.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels.  In this case, as mentioned above, the final level is the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP–11 form.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, in Chelette v. Harris, the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.2d 684, 688 (8th Cir. 2000). In Chelette, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." Id. Therefore, the Court concluded that the statute clearly requires exhaustion. In Johnson v. Jones, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As noted in the Court's February 19, 2019 Proposed Findings and Recommendation, which was adopted by the Court on March 7, 2019 (Doc Nos. 73, 80), the records and Declarations clearly show that prior to filing his complaint, Plaintiff did not fully exhaust his administrative remedies with respect to the allegations asserted against any of the Defendants. Plaintiff stated in his Complaint that he did not file a grievance while at Forrest City because an unknown person "made it clear that they would lower my points and move me to a camp of my choice" if he kept quiet about the incident. (Doc. No. 1, p. 12)   He stated that when he was transferred to Montgomery, Alabama, an administrator there told him the grievance process would not help and was not needed, and Plaintiff did not have a complaint against anyone at that Unit. (Id.) He claimed that while at Coleman, Florida, former Defendant Donato threatened retaliation if he filed a grievance, and therefore, he waited until he was moved to Talladega in March 2018 to inquire about the grievance process. (Id.)

The United States Supreme Court held in Ross v. Blake that three types of incidents could render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. Id. at 1859-1860. However, in this case, Plaintiff does not allege facts to support a finding that any of the Defendants or others prevented him from filing an administrative remedy. His statement that he didn't file a remedy while at Forrest City because he was led to believe he would be moved to a camp, does not support such a finding, and his vague statement that former Defendant Donato threatened retaliation also does not support such a finding.

7

Plaintiff does not dispute that he did not file a grievance until nearly two years after the incident occurred, and he does not dispute that the grievance was not exhausted prior to the filing of this lawsuit on May 24, 2018. Therefore, the Court finds that Defendants' Motion should be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED, that:

1.    The Motion for Summary Judgment filed by Defendants Gotreaux, Rivera, and Tindel (Doc. No. 76) be GRANTED, and these Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies.

2.    Plaintiff's Complaint be DISMISSED.

IT IS SO RECOMMENDED this 2nd day of April, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE